UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDISON GONZALEZ-VELEZ,

    Petitioner,

v.                                                                          Case No. 5:22-cv-509-WFJ-PRL

WARDEN, FCC COLEMAN – LOW,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (Dkt. 1) and Respondent's Motion to Dismiss 28 U.S.C. § 2241 Petition Without Prejudice ("Motion") (Dkt. 6).  Upon careful consideration of the Petition, the Motion, and the entire file, the Court concludes the motion is due to be granted.

## BACKGROUND

Mr. Gonzalez-Velez is a federal inmate at the Federal Correctional Complex, Coleman, Florida Low security institution ("Coleman Low FCI").  Less than one year ago, Petitioner was sentenced to 87 months in prison with five years' supervised release for conspiracy to distribute and possess five kilograms or more of cocaine, and aiding and abetting same, with intent to do so while on board a

vessel subject to the United States' jurisdiction. *United States v. Edison Adriano Gonzalez-Velez*, No. 8:21-cr-339-SCB-MRM, Dkt. 142 (M.D. Fla. Sept. 7, 2022).

Petitioner challenges the calculation by the Bureau of Prisons ("BOP") of credits under the First Step Act of 2018, as codified in 18 U.S.C. § 3632.  He seeks credit for 690 days on his sentence, taking into consideration his participation in programs such as Evidence Based Recidivism Reduction Programs and Productive Activities.  Dkt. 1 at 12.  Mr. Gonzalez-Velez alleges that a BOP employee stated at a "town hall" meeting that if an inmate either "bothers" his unit team for credits or decides to file administrative remedies, that inmate will not receive credit.  *Id*.  Petitioner claims that this same BOP employee told him "personally" that Gonzalez-Velez would not be awarded credit because he is not a United States citizen.  *Id*. at 13.

Both parties note that his anticipated release date is December 1, 2027.  *Id*.; Dkt. 6-3 ¶¶ 7, 8 & at 3, 5.[1]  Respondent, as the Warden of Coleman Low FCI, seeks to dismiss the Petition because Mr. Gonzalez-Velez has failed to exhaust his administrative remedies.  Dkt. 6; Dkt. 6-3 ¶ 8 & at 7.  Gonzalez-Velez neither

---

[1] A search for inmates on the BOP website this date shows Edison Adriano Gonzalez-Velez's release date as September 17, 2027.  *See* https://www.bop.gov/inmateloc/  This date reflects a reduction of a few months from the release date identified in the BOP's records of January 2023.  *See* Dkt. 6-3 at 6 (showing December 1, 2027).  The reduction is at least some indication that Petitioner is receiving time credits posted to his records.

2

argues nor demonstrates that he has tried to exhaust his remedies with the BOP. Dkt. 1 at 9. Rather, he contends exhaustion would be pointless.

## DISCUSSION

Exhaustion of administrative remedies is not considered jurisdictional in a § 2241 proceeding; yet courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). A respondent properly asserts the defense by way of a motion to dismiss. *See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008).

The Court employs a two-step process to resolve the pending Motion and determine whether to dismiss the § 2241 Petition for failure to exhaust administrative remedies. *See Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854, 856 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)). The first step requires consideration of the inmate Petitioner's and Respondent BOP's factual allegations. *See Blevins*, 819 F.3d at 856. Where the allegations conflict, the Petitioner's version must be accepted as true. *Id*. If the Petitioner's allegations establish the failure to exhaust, the court must dismiss the Petition. *Id*. If not, the court proceeds to the second step.[2]

---

[2] At the second step, the burden rests on the respondent to prove the inmate failed to exhaust administrative remedies. *Blevins*, 819 F.3d at 856. The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. After resolving the

Here, the allegations are undisputed.  The BOP records show that Mr. Gonzalez-Velez never submitted any request for an administrative remedy requesting time credits or anything else.  Dkt. 6-2.  Gonzalez-Velez acknowledges that he was aware of the BOP's administrative process to obtain credits.  Dkt. 1 at 2, 9.[3]  Because no conflicts exist between each party's submissions, under the *Turner* analysis the Petition would be due to be dismissed.

Mr. Gonzalez-Velez, nevertheless, raises a "futility exception" to avoid dismissal.  He argues that the administrative review process is futile because 1) the BOP's automated system cannot be manually corrected by lower-level BOP personnel, and 2) the process takes too long (as much as five months).  Dkt. 1 at 2, 6, 9.  According to Gonzalez-Velez, his sentence when properly reduced by 690 days would entitle him to immediate deportation to his home country.  Dkt. 1 at 7.

At the outset, it should be noted that an "exception" to administrative exhaustion based on futility in the § 2241 setting has not been adopted by the Eleventh Circuit.  *See Perez v. Joseph*, No. 3:22-cv-2055-MCR-HTC, 2022 WL 2181090, at *2 (N.D. Fla. May 2, 2022) ("[T]here are grounds for doubt that a futility exception is available in a § 2241 petition in this circuit."), *adopted by*,

---

disputed issues of fact, the court decides whether the petitioner exhausted his remedies *Id.* at 857.

[3] Respondent certifies that Petitioner "has not filed any administrative remedies during his period of incarceration." Dkt. 6-3 ¶ 8.  Attached to the declaration is a copy of the BOP's administrative files supporting this statement. Dkt. 6-3 at 7.

2022 WL 2176505 (N.D. Fla. Jun. 15, 2022).[4]  Courts that do recognize such an exception limit its application to extraordinary circumstances and place the "burden of demonstrating the futility of administrative review" on the petitioner. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*).[5]

Even if a futility exception for § 2241 proceedings were recognized in this circuit, Mr. Gonzalez-Velez has not shown any extraordinary circumstances sufficient to warrant its application.  None of his contentions—that the lower-level employees are unable to correct errors, and too much time is involved in the administrative process—constitute any assertions out of the ordinary.  Many inmates have made these arguments to no avail.  *See Villalobos-Hernandez v. Warden, USP Atlanta*, No. CV 322-108, 2022 WL 17095188, at *2–3, (S.D. Ga. Nov. 21, 2022) (collecting cases), *adopted by*, 2022 WL 17631648 (S.D. Ga. Dec. 13, 2022); *but see Shorter v. Warden*, 803 F. App'x 332, 336 (11th Cir. 2020) (noting that failure to exhaust might be excused where administrative remedy may cause a particular plaintiff to "suffer irreparable harm if unable to secure immediate judicial consideration of his claim").

---

[4] *See also McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (suggesting pre-*Santiago-Lugo* that futility exception to exhaustion in § 2241 petition does not exist).
[5] *See also Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) (citing *Fuller* and concluding that petitioner failed to show extraordinary circumstances or explain why administrative review would be futile).

Nor has Mr. Gonzalez-Velez shown why a review process of longer than five months would be futile in his particular case.  He conceded upon signing his Petition in October 2022 that 61 months remained on his sentence.  Even if 690 days (almost two years) were applied to reduce his incarceration, his release date is not until September 2027, which is more than four years off.  Petitioner has not shown he necessarily will suffer irreparable harm due to a lengthy exhaustion process.  *See Caron v. Garrett*, No. 7:21-cv-385-MHH-GMB, 2021 WL 2672049, at *3 (N.D. Ala. June 4, 2021) (finding release date almost five years away does not indicate irreparable harm), *adopted by*, 2021 WL 2661963 (N.D. Ala. June 29, 2021).

Accordingly, Respondent's Motion (Dkt. 6) is granted.  The Petition is dismissed without prejudice.  The Clerk is directed to enter judgment dismissing this action and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on May 22, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record
Petitioner, *pro se*